UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MARY JOHNSON,

    Plaintiff,

    -against-

NYCHA,

    Defendants.

------------------------------------------------------------- x

MEMORANDUM & ORDER

15-CV-6474 (ENV)

VITALIANO, D.J.,

  Mary Johnson, proceeding *pro se*, brings this employment discrimination action against her former employer, the New York City Housing Authority ("NYCHA"), alleging that she was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for purposes of this order, and grants plaintiff 30 days to amend the complaint as detailed below.

Background

  Plaintiff submits an employment discrimination form complaint setting forth claims of retaliation and wrongful termination of employment. Compl. at 3. Johnson checks off the race, gender, national origin, and color boxes on the form, purportedly indicating the basis of the discrimination claims alleged. *Id.* She attaches a right to sue letter from the Equal Employment Opportunity Commission dated October 22, 2015, and a document dated May 28, 2015, "Requesting a Fair Hearing Requesting Unemployment Benefits," that was presumably

1

originally intended for a different forum. However, in the facts section of the form complaint, Johnson states in entirety, "Retaliation Arbitrary behavior Capricious behavior." *Id.* at 4.

Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).

Notwithstanding a court's obligation to read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quotation and emphasis omitted), a complaint must still plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Even though "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Finally, a complaint must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

## Discussion

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a).

Crediting the most liberal interpretation of Johnson's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status based on her race, gender, national origin or color. *See Littlejohn v. City of N.Y.*, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief."); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading

3

standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

As currently written, and, again, even interpreting these pleadings as raising the strongest argument they suggest, Johnson has failed to state a claim on which relief may be granted against NYCHA. In an abundance of caution, however, and in deference to her *pro se* status, the Court grants Johnson 30 days to amend her complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (holding that *pro se* plaintiff should be afforded opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

Should Johnson file an amended complaint, she must set forth the factual allegations on which she bases her federal claims against her former employer and provide all relevant dates for the acts or omissions she recites in her complaint. Plaintiff is further advised that she cannot rely on exhibits or other documents to replace her own written statement of claim. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with a copy of this order.

## Conclusion

Johnson's complaint is dismissed without prejudice with 30 days' leave from the date this order is entered on the docket to amend her pleadings to state sufficient facts to allege a violation of Title VII. No summons shall issue at this time and all other proceedings are stayed until further order of the Court. If plaintiff fails to comply with this order within the time allowed, the Court shall dismiss this complaint with prejudice.

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *therefore in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
March 19, 2016

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge